IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN SKOWRONSKI and MEGAN KIRCHNER, | ) ) ) |
| Plaintiffs, | ) No. 22 C 07359 ) ) Judge John J. Tharp, Jr. |
| v. | ) ) |
| SANDRA JENSEN BRIGGS, IBM 401(k) PLUS PLAN, and IBM RETIREMENT PLANS COMMITTEE LLC, | ) ) ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, the defendants' motions to dismiss [39], [41] are granted. Judgment shall be entered in favor of Sandra Jensen Briggs, IBM 401(K) Plus Plan, and IBM Retirement Plans Committee LLC. Civil case terminated.

**I.     BACKGROUND**

Steven Skowronski was a participant in the IBM 401(k) Plus Plan, a retirement plan administered by the IBM Retirement Plans Committee. Section 10.02(b) of the Plan explains the requirements for designating beneficiaries, which differ for married and unmarried participants. *See* Plan Restatement pp. 120-21, ECF No. 23-4. If a participant is unmarried, he may designate as beneficiary anyone of his choosing, and the designation is valid so long as notice is properly filed with the plan administrator. If a participant is married, however, his spouse is presumed to be the sole beneficiary. Should a married participant wish to designate anyone in place of, or in addition to his spouse, his spouse must provide written consent. The Plan defines spouse as "a person who, according to the marriage laws of the state (or country) of a participant's residence, is (or was, at the time of the participant's death) the spouse of a participant." *Id.* § 1.87, pp. 30.

On January 27, 2020, Steven designated his children, plaintiffs Sean Skowronski and Megan Kircher, and his romantic partner, Sandra Jensen Briggs, as equal beneficiaries of the Plan. At that time, Steven and Briggs were not in any kind of legally recognized partnership. About a month later, they entered into a civil union in McHenry County, Illinois, and the civil union is registered in that County.[1] Steven died on April 17, 2022. The IBM Retirement Plans Committee (through its recordkeeper, Fidelity) determined that Briggs, as Steven's civil union partner at the time of his death, qualified as his spouse within the meaning of § 10.02(b). Over the plaintiffs' objections, all of the assets in Steven's 401(k) account were transferred to a Vanguard IRA account in Briggs' name.

The plaintiffs initiated this lawsuit against Briggs, as well as the IBM 401(k) Plus Plan and the IBM Plans Committee ("the IBM defendants"), asking this Court to enter a declaratory judgment affirming the January 2020 designations. They do not contest that Briggs is entitled to one-third of the amount distributed to her, but they claim that they are entitled to the remaining two-thirds (hereinafter the "Contested Benefit"). Their principal argument is that a civil union partner does not qualify as a spouse under the terms of the Plan. Thus, the fact that Steven entered into a civil union with Briggs before his death does not negate his prior beneficiary designations.

In March 2023, this Court entered an agreed order between the plaintiffs and all defendants prohibiting Briggs from spending, encumbering, or otherwise dissipating the Contested Benefit for the pendency of this litigation. Briggs and the IBM defendants now move to dismiss.

---

[1] Although not specifically alleged in the complaint, the parties do not dispute that Steven and Briggs lived in Illinois through the date of Steven's death.

2

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and contain "sufficient factual matter" to state a facially plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court should not accept a complaint's legal conclusions as true, it must assume the truth of all well-pled allegations and draw all reasonable inferences in the plaintiff's favor. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The parties dispute whether this Court should review the IBM defendants' beneficiary determination *de novo* or for abuse of discretion. Typically, arbitrary and capricious review applies where, as here, a plan grants the administrator discretion to construe plan terms and determine benefits eligibility. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); Plan Restatement § 11.05, pp. 140. However, courts apply *de novo* review where a plaintiff's challenge raises questions of law. *See Silvernail v. Ameritech Pension Plan*, 439 F.3d 355, 357 (7th Cir. 2006). In this case, the validity of the beneficiary determination depends on whether the legal definition of "spouse" in Illinois extends to civil union partners. Thus, this Court proceeds *de novo*.

### A. Defendant Briggs' Motion to Dismiss

As a preliminary matter, it is worth noting what is ***not*** in dispute. The parties appear to agree on the following: Under the terms of the Plan, if a participant is married, the participant's spouse becomes the presumptive sole beneficiary. Should a married participant wish to designate any other beneficiaries, his spouse must provide written consent. Briggs entered into a valid civil union with Steven before his death. She did not consent to any beneficiary designations after she and Steven became civil union partners.

3

The only issue in contention is whether a civil union partner is a spouse under the terms of the Plan. If the answer to that question is yes, Briggs became the Plan's sole beneficiary when she and Steven entered into a civil union. Because she did not consent to the designation of any other beneficiaries, she is entitled to the entire amount that was distributed to her from Steven's 401(k) account, including the Contested Benefit. If the answer is no, the January 2020 designations remain effective, and Briggs must return the Contested Benefit to the plaintiffs.

This Court concludes that the answer is yes. The Plan's definition of "spouse" unambiguously incorporates state law: if a beneficiary would be considered a participant's spouse "according to the marriage laws *of the state* (or country) of a Participant's residence," that person is a spouse according to the terms of the Plan. Here, relevant state law supplies a clear answer to that question. According to the Illinois Religious Freedom Protection and Civil Union Act, "'[p]arty to a civil union' means, and shall be included in, any definition or use of the term[] 'spouse' . . . and other terms that refer to or denote the spousal relationship, as those terms are used throughout the law." 750 ILCS 75/20. In other words, the legal definition of "spouse" in Illinois extends to civil union partners. It follows that Briggs was Steven's spouse according to the laws of Illinois and thus his spouse according to the terms of the Plan.

The plaintiffs point out that the Civil Union Act only applies to legal benefits "recognized by the law of Illinois"—not federal law. *See* 750 ILCS 75/20. Thus, they argue, the Act is inapplicable where, as here, the parties dispute their entitlement to a federal benefit. They urge this Court to look to federal definitions of "spouse"—specifically, a Department of Labor Technical release explaining that the terms "'spouse' and 'marriage' . . . do not include individuals in . . . a domestic partnership or a civil union" as those terms appear in ERISA and the tax code. *See*

4

Compl. Ex. B. 11-13, ECF No. 1. The plaintiffs also highlight federal statutory schemes that treat civil union partners as distinct from spouses.

Notwithstanding their citations to federal law and related authority, the plaintiffs' argument fails because it ignores the longstanding rule that "it is the language of an ERISA plan that controls." *Cozzie v. Metro. Life Ins. Co.*, 140 F.3d 1104, 1109 (7th Cir. 1998). ERISA commands a fiduciary to administer the plan "in accordance with the documents and instruments governing the plan," § 1104(a)(1)(D), making payments to a "beneficiary" who is "designated by a participant, or by the terms of [the] plan." § 1002(8). Here, the Plan's definition of spouse explicitly looks to "the marriage laws of the state . . . of a Participant's residence." The marriage laws of Illinois are unambiguous: "'[p]arty to a civil union' means, and shall be included in, any definition or use of the term[] 'spouse.'" 750 ILCS 75/20. Thus, Briggs was Steven's spouse as that term is defined in the Plan, even if that same term does not include civil union partners as it appears in federal law, and even if the Civil Union Act only purports to apply to state law benefits.

The plaintiffs raise a preemption argument in their complaint that they later appear to abandon. For the sake of clarity, it is worth explaining why that argument also fails. ERISA preempts state laws that "govern[] . . . central matter[s] of plan administration" or "interfere[] with nationally uniform plan administration." *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016) (citation omitted). In *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001), the Supreme Court considered a Washington state inheritance law that would have barred distribution of a life insurance plan's assets to the plan's designated beneficiary. Because the law functionally required administrators to "pay benefits to the beneficiaries chosen by state law, rather than to those identified in the plan documents," it directly conflicted with ERISA and was thereby preempted. *Id.* at 147. Here, by contrast, the Plan ***directs*** administrators to look to state law to determine

5

whether a beneficiary is a spouse. Applying the Illinois definition of spouse is not only consistent with, but required by, ERISA.[2]

B.  **IBM Defendants' Motion to Dismiss**

As discussed above, the IBM defendants did not err in determining that Briggs was the sole beneficiary. Because they did not breach any fiduciary duty to the plaintiffs, dismissal of all claims against them is proper.

The plaintiffs argue that they should still be permitted to recover attorney's fees from the IBM defendants pursuant to ERISA's fee shifting provision, § 1132(g)(1). That provision permits a court, "in its discretion," to award reasonable attorney's fees and costs "to either party." Although a party need not be a "prevailing party," it must achieve "some degree of success on the merits" to recover. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). For example, the Seventh Circuit has held that a party may be eligible for attorney's fees under § 1132(g)(1) if the case resolves in a favorable settlement, *see Temme v. Bemis Co.*, 762 F.3d 544, 550 (7th Cir. 2014), or if the case is returned to the plan administrator for reconsideration, *see Huss v. IBM Med. & Dental Plan*, 418 F. App'x 498, 512 (7th Cir. 2011). Neither a "trivial success on the merits" nor a "purely procedural" victory is sufficient. *Hardt*, 560 U.S. at 255 (2010) (citation omitted).

Here, the plaintiffs have not achieved "some degree of success on the merits" *vis-à-vis* the IBM defendants. To start, throughout the litigation, the IBM defendants have disclaimed any

---

[2] Throughout their briefing, Briggs and the plaintiffs dispute the import of a text from Steven to his son, plaintiff Sean Skowronski, in which Steven states that he and Briggs did not get married, and that they only entered into a civil union so they could "finally have some rights, at least on a state level." *See* Mot. Ex. A, ECF No. 52-1. It is not clear that the text helps the plaintiffs' case. Even if it did, it is a "fundamental principle" that "if a contract is unambiguous, [courts] will not consider extrinsic evidence in its interpretation." *Cent. States, Se. & Sw. Areas Pension Fund v. Transervice Logistics, Inc.*, 56 F.4th 516, 531 (7th Cir. 2022).

position on whether the Contested Benefit properly belongs to Briggs or the plaintiffs. It is hard to see how a party could achieve "some degree of success on the merits" with respect to a party that has taken no position on the merits at all. Nevertheless, the plaintiffs argue that they have achieved "some degree of success on the merits" because the very filing of this lawsuit prompted the IBM defendants to move for a TRO freezing the Contested Benefit and obtain an agreed order to that end. However, they only undertook those actions because they would be required to collect overpayments from Briggs and pay the Contested Benefit to the plaintiffs if this Court declared the January 2020 designations to be effective. Thus, the agreed order could only conceivably constitute a basis for attorney's fees under § 1132(g)(1) if the dispute between the plaintiffs and Briggs was resolved in the plaintiffs' favor. Because this Court grants Briggs' motion to dismiss, it need not consider this argument further.

### III. CONCLUSION

For the aforementioned reasons, the motions to dismiss are granted.

Date: February 27, 2026

John J. Tharp, Jr.
United States District Judge